IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MONICA M. GRIEGO,
for H.M.G. and E.R.G.,

        Plaintiff,

v.                                                                                                          No. 1:22-cv-00572-KK

NEW MEXICO CHILDREN, YOUTH
AND FAMILIES DEPARTMENT, et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER TO CURE DEFICIENCY, ORDER TO SHOW CAUSE AND ORDER FOR AMENDED COMPLAINT

Plaintiff, who is proceeding *pro se*, filed two Standard Form 95s, one for H.M.G. and one for E.R.G.  *See* Complaint at 1, 3, Doc. 1, filed August 1, 2022.  Standard Form 95 is the form for filing an administrative claim for damage, injury or death, with a federal agency, before filing suit in federal court pursuant to the Federal Tort Claims Act.

**Order to Cure Deficiency**

Plaintiff has not paid the $402.00 fee[1] for instituting a civil action or filed an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" ("Application"). Plaintiff shall have twenty-one (21) days from entry of this Order to either pay the $402.00 fee or file an Application.  Any papers that Plaintiff files in response to this Order must include the civil cause number (No. 1:22-cv-00572-KK) of this case.

**Order to Show Cause**

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $52.00 administrative fee.

Plaintiff is asserting claims on behalf of H.M.G. and E.R.G. and does not appear to assert any claims on her own behalf.  *See* Complaint at 1, 3.  Plaintiff is not a licensed attorney authorized to practice in this Court.  The claims Plaintiff is asserting on behalf of H.M.G. and E.R.G. should be dismissed because "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also Kanth v. Lubeck*, 123 Fed.Appx. 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court") (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654 [stating parties may plead and conduct their own cases personally or by counsel], a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")).

Plaintiff shall show cause why the Court should not dismiss the claims Plaintiff is asserting on behalf of H.M.G. and E.R.G.

**Order to Show Cause and for Amended Complaint**

This case should be dismissed for lack of subject-matter jurisdiction and for failure to state a claim.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action")

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to

address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

The Complaint does not contain a short and plain statement of the grounds for the Court's jurisdiction as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.  There is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  There is no properly alleged diversity jurisdiction because the Complaint indicates that Plaintiff and Defendants reside in New Mexico.  *See* Complaint at 1, 3; *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006) (To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000").

The Complaint should also be dismissed for failure to state a claim.  The Complaint appears to assert claims against several individuals.  *See* Complaint at 1, ¶ 10; at 3, ¶ 10.  The Complaint fails to state a claim against those individual Defendants because it fails to state with any particularity what each Defendant did to Plaintiff, when the Defendants committed these alleged unspecified actions, or how those actions harmed Plaintiff.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  Furthermore, the Complaint appears to assert claims against New Mexico Children, Youth and Families Department which, as an arm of the State of New Mexico, is immune from suits brought in federal court by its own citizens or those of another state.  *See* Complaint at 3, ¶¶ 8, 10 (referring to "CYFD"); *Turner v. National Council of State*

3

*Boards of Nursing, Inc.*, 561 Fed.Appx. 661, 665 (10th Cir. 2014) (Eleventh Amendment immunity extends to arms of the state and to state officials who are sued for damages in their official capacity.

Plaintiff shall show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction and for failure to state a claim.  If Plaintiff asserts that this case should not be dismissed, Plaintiff must file an amended complaint that states a claim over which the Court has jurisdiction.

**Notice**

The Court notifies Plaintiff, who is proceeding *pro se*, of the following:

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**IT IS ORDERED** that:

(i)     Within twenty-one (21) days of entry of this Order, Plaintiff shall either pay the $402.00 fee or file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."  Failure to timely pay the fee or file an Application may result in dismissal of this case.

(ii)    The Clerk shall send to Plaintiff, together with a copy of this Order, an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

(iii) Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case for the reasons discussed above. Failure to timely show cause may result in dismissal of this case.

(iv) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**